NCD 5-22.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RECEIVED
DEC 17 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| HEBRON AUTO SALES, An Illinois Corporation | ) ) ) |
| Plaintiff | ) ) |
| v. | ) Case No. ) |
| MR. ZAK MOHAMMED, An Individual ALLSTAR HAULING a/b/a ALLSTAR AUTOMOTIVE | ) ) ) ) |
| Defendants. | ) ) |

MAGISTRATE JUDGE COX
JUDGE KENDALL

**07C 7081**

## COMPLAINT

NOW COMES the Plaintiff, Hebron Auto Sales ("Hebron"), by and through its attorney, Michael E. Rediger, and in complaining of the Defendants, Mr. Zak Mohammed ("Mohammed"); and Allstar Hauling a/b/a Allstar Automotive, Inc.("Allstar Automotive") states as follows:

### INTRODUCTORY STATEMENT

1. This is a civil action seeking monetary damages against the Defendants Mohammed and Allstar wherein the Plaintiff alleges five counts 1) Breach of Contract, 2) Conversion, and 3) Replevin. All counts involve a quantity of eight (8) automobiles that Defendants failed to deliver from the Greater Chicago Auto Auction to Baltimore Port for export.

### THE PARTIES

2. Plaintiff Hebron Auto Sales is an Illinois corporation with its principal place of business at 701 E. Jackson St., Joliet, IL 60432.

3. Defendant Zak Mohammed is an individual who on information and belief is residing in Ruby Virginia.

4. Defendant Allstar Automotive is a hauling company with its principle place of business at Ruby, VA 22545.

## JURISDICTION

5. This cause is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00 and involves citizens of different States. As such, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(2) and the Constitution of the United States of America. Furthermore, this Court has supplemental jurisdiction over all claims arising under State Law pursuant to 28 U.S.C. §1367.

## VENUE

6. Venue in this Court is proper pursuant to 28 U.S.C. §1391(a)(2) in that the Northern District of Illinois is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## GENERAL ALLEGATIONS

7. At all times material hereto, Sunship International, an Illinois Corporation ("Sunship") was acting as the agent of Hebron Auto Sales.

8. At all times material hereto Defendant Allstar and Defendant Mohammed were in the business of hauling automobiles to port for export.

9. On July 3, 2007, Allstar was contracted by the Plaintiff to pick up and deliver eight (8) automobiles from the Greater Chicago Auto Auction and deliver them to port in Baltimore, Maryland.

10. The price per automobile was to be $275, for a total amount of $2,200 for the eight (8) automobiles. (See Allstar Hauling Invoice, attached hereto as Exhibit A)

## COUNT I
### (Breach of Contract)

11. Plaintiff realleges and incorporates by reference paragraphs 1-10 as though fully set forth herein as paragraph 11 of Count I.

12. Defendants' invoice to Sunship, Hebron's agent, constitutes an offer to deliver the automobiles to the port in Baltimore, Maryland.

13. Sunship accepted Defendants' offer and performed all of its duties pursuant to the contract.

14. On July 14, 2007 the Plaintiff through its agent Sunship sent a check in the amount of $2,200, the amount on the invoice, and provided Defendants with instructions for where to deliver the automobiles.

15. Defendant has not delivered the automobiles to the port in Baltimore, MD and has instead stolen the vehicles purporting to have put them in storage somewhere in Virginia.

16. Defendant failure to deliver the automobiles to port in Baltimore Maryland constitutes a material breach of the contract. As such, defendant has effectively stole the vehicle he was to deliver to port.

17. As a direct and proximate result of the Defendants' breach, Plaintiff suffered damages in an amount in excess of $75,000; and including the amount Plaintiff paid to the Defendant pursuant to the invoice.

18. Plaintiff is entitled to an award of money damages for Defendant's willful refusal to fulfill its contractual obligations.

WHEREFORE, the Plaintiff, Hebron Auto Sales, prays that the Court enter judgment against Defendant, Zak Mohammed, and Allstar Hauling a/b/a Allstar Automotive Inc., Inc and award Plaintiff damages, exceeding $75,000.00 plus interest, incidental damages for loss to its business and property, together with the costs of suit, including reasonable attorney fees, and for such other and further relief as this Court may deem equitable and proper.

## COUNT II
### (Conversion)

19. Plaintiff realleges and incorporates by reference paragraphs 1- 10 as though fully set forth herein as Count II.

20. Plaintiff is the rightful owner of the automobiles that are currently in the possession and/or control of the Defendants and any proceeds realized therefrom.

21. Defendants have converted to their own use the automobiles and any proceeds received therefrom.

22. Plaintiff is entitled to entry for judgment against Defendants for an amount equal to the fair market value of the converted property and additional sums.

WHEREFORE, the Plaintiff, Hebron Auto Sales, prays that the Court enter judgment against Defendant, Zak Mohammed, and Allstar Hauling a/b/a Allstar Automotive Inc., Inc and award Plaintiff damages, exceeding $75,000.00 plus interest, incidental damages for loss to its business and property, together with the costs of suit, including reasonable attorney fees, and for such other and further relief as this Court may deem equitable and proper.

### COUNT III
### (Replevin)

23. Plaintiff realleges and incorporates by reference paragraphs 1- 10 as though fully set forth herein as Count III.

24. Plaintiff provided the automobiles for shipping to Defendants. Pursuant to the terms of the Invoice, Defendants failed to ship the automobiles, which are the property of the Plaintiff, and to which Plaintiff is entitled to present possession.

25. Defendants have wrongfully retained possession of the automobiles.

26. The automobiles were not taken by Defendant on an Order or Judgment of the Court against Plaintiff. Nor were they taken by Defendant under an execution or judgment against Plaintiff. Plaintiff's automobiles were also not taken by Defendants for any tax or assessment or fine pursuant to law.

27. Plaintiff is entitled to immediate possession of the automobiles, regardless of who Defendant has provided them to, together with all costs and other expenses incurred in obtaining claim and delivery.

WHEREFORE, the Plaintiff, Hebron Auto Sales, prays that the Court enter judgment against Defendant, Zak Mohammed, and Allstar Hauling a/b/a Allstar Automotive Inc., Inc ordering the return of the vehicles to Plaintiff, together with the loss of value to the vehicles and costs of suit, including reasonable attorney fees, and for such other and further relief as this Court may deem equitable and proper.

                       Respectfully submitted,
                       Hebron Auto Sales

                       Michael E. Rediger, One of its' attorneys

Michael E. Rediger
The Law Office of Michael E. Rediger
217 N. Jefferson, Suite 602
Chicago, IL 60661
Ph. 312.853.2490
FX. 312.577.0825

6